**RIVERS v. MUNSON.**

**No. 7678.**

**United States Court of Appeals for the District of Columbia.**

Argued May 12, 1941.

Decided June 9, 1941.

James J. Laughlin, of Washington, D. C., for appellant.

F. Granville Munson, Adjutant General's Office, War Department, of Washington, D. C., in proper person.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

**PER CURIAM.**

Appellant, a retired captain in the army, was in 1936 ordered by the War Department to report in person before an army board for examination for retirement. The board found him incapacitated for active service because of dementia praecox. He was retired January 31, 1937. Prior thereto he had, by an order of the Secretary of War under R.S. § 4843, 24 U.S.C.A. § 191,[1] been removed from Letterman General Hospital in San Francisco to Saint Elizabeths Hospital in the District of Columbia. In October, 1939, appellant applied to the District Court for a writ of habeas corpus to obtain his release on the ground that there was no legal authority for his commitment and detention. Judge Proctor, on the authority of Barry v. Hall, 68 App.D.C. 350, 98 F.2d 222, held that appellant's detention was unlawful and that he was entitled to his release unless by further proceedings he was adjudged to be legally insane. Thereupon proceedings were begun under the provisions of the District of Columbia statutes to determine his mental condition. Counsel was appointed to represent him, and on appellant's demand the issue of insanity was submitted to a jury, which in due time found him to be a person of unsound mind, and a judgment accordingly was entered and appellant committed to Saint Elizabeths Hospital at government expense for maintenance and the treatment of his mental condition. The Munsey Trust Company of Washington City was appointed committee of appellant's person and estate. This appeal followed.

Two grounds of error are argued: (1) That appellant was not permitted to engage the services of physicians skilled in mental disorders to testify at his trial; and (2) that the court declined to appoint, at appellant's request, counsel of his own selection. There is nothing in the record to show that any application was made to the court at any time during the trial below by either appellant, who insisted on conducting his own case, or his counsel appointed by the court, that private physicians be appointed to examine him and testify as to his mental condition. Nor is there anything to indicate what testimony such private physicians, if available, might have given. On the other hand, four psychiatrists connected with the

---

[1] The section provides for the admission to the government hospital for the insane in the District of Columbia of insane persons belonging to the army, navy, marine corps, and coast guard, at the cost of the United States.

Commission on Mental Health in the District of Columbia testified as to their observation and examination of appellant and that in their opinion appellant was of unsound mind, suffering from dementia praecox, catatonic type, and was in need of further treatment. When it is considered that appellant has been found of unsound mind by an army board, by the Commission on Mental Health for the District of Columbia, by the physicians at Saint Elizabeths Hospital, and by the jury upon the testimony of five well known psychiatrists, it would appear to be perfectly obvious that in all respects his legal rights were fully protected. Mr. Tedrow, a member in good standing of the bar of the District Court, had been appointed by the court to represent appellant. Counsel appeared before Judge Proctor in the first hearing and before Judge O'Donoghue in the second hearing, and performed such services as appellant would allow him to perform. Appellant's request to the court, after the jury had been impaneled, that the court discharge Mr. Tedrow and appoint another attorney to represent him was a matter within the discretion of the court. We see nothing in the refusal, after the trial was begun, to make this change as in any way prejudicing any of appellant's rights, nor anything to indicate that he was not represented by competent counsel.

■ It appears from the record that appellant is entitled to receive the pay of a retired captain in the army, and that this has been accumulated for several years until the amount to his credit aggregates a very considerable sum. This fund should be turned over to the committee appointed by the court and should be used, to the extent necessary, for appellant's comfort. Nor do we doubt that, if provision is made for appellant's transfer to a hospital for the insane nearer the home of his mother in San Francisco, under such safeguards and protection as may be satisfactory to the Secretary, such an arrangement would be acquiesced in by the army authorities. [2] We mention this only since it was suggested at the argument that the action of the Secretary in separating appellant from his family was unwise and unjust.

Judgment affirmed.

[2] R.S. § 4843, 24 U.S.C.A. § 191.